UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARCEY AUBIN** ) | Case Number 3:11-CV-1160[GTS/DEP] |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| ) | |
| **ROBERT JAMES AND ASSOCIATES** ) | |
| **ASSET MANAGEMENT, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Darcey Aubin, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.   Plaintiff, Darcey Aubin, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the New York General Business Law §349.

**II.   JURISDICTION**

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.   Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4. Plaintiff, Darcey Aubin, is an adult natural person residing in Springfield, New York.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Robert James and Associates Asset Management, Inc., ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a primary office located at 266 Elmwood Avenue, Suite 369, Buffalo, New York 14222.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around July, 2011, Plaintiff's mother started to receive calls from Defendant's, agent, "Ms. Ross", looking for the whereabouts of the Plaintiff.

8. Plaintiff's mother was led to believe by Defendant's agent, "Ms. Ross", that her daughter would be dragged into court if she did not inform her immediately to call the Defendant.

9. Plaintiff's mother also was given the impression that the Defendant's agent, "Ms. Ross", was an attorney.

10. Plaintiff's mother is elderly and became frightened by Defendant's call.

11. On or about that same day, Plaintiff contacted Defendant's agent, "Ms. Ross", who informed the Plaintiff that she was calling to collect on an alleged debt owed on an Alpine Direct account.

12. Defendant stated that the Plaintiff owed approximately $350.00.

13. Plaintiff was told that if she did not make a payment immediately she would be going to court.

14. Plaintiff states that she has never received anything in writing from the Defendant and had never heard of them before this call.

15. At that time, Plaintiff asked the Defendant not to call and upset her mother again.

16. Defendant's agent, "Ms. Ross", informed the Plaintiff that the Defendant will do whatever it needs to do to get paid.

17. Defendant's agent, "Ms. Ross", continued to demand payment on this account.

18. Plaintiff eventually felt pressured into making a payment on this account.

19. Plaintiff made a $50.00 debit card payment to the Defendant before ending the call.

20. Reconsidering giving out account information, Plaintiff later cancelled the debit card so that the Defendant could not deduct and further charges.

21. On or about August 5, 2011, Plaintiff received another call from the Defendant demanding that another payment be made on the account referenced above immediately.

22. On or about that same day, Plaintiff's fiancé called Defendant back explaining that the Plaintiff was pregnant and that the Defendant needed to stop calling and upsetting her.

23. Defendant started to scold Plaintiff's fiancé demanding to speak with the Plaintiff.

24. Plaintiff's fiancé again asked the Defendant to stop harassing the Plaintiff.

25. Defendant responded that he did not "give a rat's ass" about the Plaintiff and that he could continue to call as much as he wanted because he was "above the law".

26. Plaintiff's fiancé asked Defendant's agent for his name.

27. Defendant's agent refused to give his name.

28. Defendant's agent went on to tell Plaintiff's fiancé that he needed to tell the Plaintiff that she was going to court next week.

29. Plaintiff's fiancé ended the call.

30. Defendant's agent immediately called the Plaintiff back yelling for a payment to be made on this account.

31. Plaintiff ended the call.

32. Defendant continued to call and demand payment on this account.

33. As a direct consequence of the Defendant acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

34. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

35. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

36. The Defendant should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's

actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### **COUNT I – FDCPA**

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(b):   With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his or her identity. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Robert James and Associates Asset Management, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

# COUNT II

## Violations of New York General Business Law §349

43. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

44. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

45. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the

Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

46. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: September 28, 2011         BY:  */s/Bruce K. Warren*
                                 Bruce K. Warren, Esquire
                                 Warren & Vullings, LLP
                                 93 Old York Road
                                 Suite 333
                                 Jenkintown, PA 19046
                                 215-745-9800   Fax 215-745-7880
                                 Attorney for Plaintiff
                                 bkw@w-vlaw.com